UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

Harold Adamo, Jr.,

                           Debtor.
-------------------------------------------------------------x
Rocco and Josephine Marini,

                          Plaintiffs.

      against

Harold Adamo, Jr.,

                         Defendant.
-------------------------------------------------------------x

Case No.:14-73640-las

Chapter 7

Adv. Pro. No.:15-8008-las

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

### I.    Introduction

Plaintiffs Rocco and Josephine Marini bring this action against defendant Harold Adamo, Jr., the debtor in this chapter 7 case, to have their debt arising from a judgment entered in the United States District Court for the Eastern District of New York (the "District Court") excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6).[1] Following limited discovery, plaintiffs now move for summary judgment (the "Motion"). [Adv. Dkt. No. 36].[2] They argue that the material facts are undisputed and that, on those facts, collateral estoppel precludes the defendant from re-litigating in this action the finding of fraud made by the District Court. Defendant opposed the Motion [Adv. Dkt. No. 40], and plaintiff replied. [Adv. Dkt. No. 43].

---

[1] All statutory references to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., will hereinafter be referred to as "§ (section number)".

[2] Unless otherwise stated, citations to docket entries in the adversary proceeding, Adv. Pro. No. 15-8008, are cited as "(Adv. Dkt. No. ____)", and docket entries in the main bankruptcy case, Case No. 14-73640, are cited as "(Bankr. Dkt. No. ____)".

The Court has carefully reviewed the moving, opposing and reply papers and considered the parties' oral argument and, for the reasons set forth on the record at the hearing and as discussed below, the Motion is granted with respect to the First Claim for Relief under § 523(a)(2)(A).[3]

## II.    Jurisdiction

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b) and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986, as amended by Order dated December 5, 2012, effective *nunc pro tunc* as of June 23, 2011.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) in which final orders or judgment may be entered by this Court pursuant to 28 U.S.C. § 157(b)(1).

## III.    Background

### A.   Factual Background[4]

On September 30, 2008, plaintiffs brought an action in the District Court against defendant, his wife, Lisa Adamo, The Bolton Group, Inc., and H. Edward Rare Coins and Collectibles, Inc., alleging claims under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), as well as state law claims for fraud, breach of fiduciary duty, unjust enrichment, and money had and received, in connection with the sale of rare coins by defendant to plaintiffs.  Plaintiffs sought to recover out of pocket losses of $11,304,079, plus interest, and punitive damages.

---

[3] Because the Court finds that plaintiffs' judgment debt is excepted from discharge under § 523(a)(2)(A), the Court need not determine whether the judgment debt is excepted from discharge under §§ 523(a)(4) and (6). *See Evans v. Ottimo*, 469 F.3d 278, 283 (2d Cir. 2006).

[4] The following facts are taken from the parties' submissions in connection with the Motion, and are undisputed unless otherwise indicated.

On February 6, 2014, after a twelve-day bench trial, the District Court decided in favor of plaintiffs.[5]  The District Court concluded that "plaintiffs presented overwhelming evidence that [defendant] defrauded Marini by making a series of false and material misrepresentations in order to induce Marini to buy numerous coins from [defendant], for investment purposes, at grossly inflated values over a period of several years." *Marini v. Adamo*, 995 F. Supp. 2d 155, 163 (E.D.N.Y. 2014), *aff'd*, 644 F. App'x 33 (2d Cir. 2016).  On the issue of common law fraud, the District Court expressly found that "plaintiffs' have satisfied their burden, and that they have shown by clear and convincing evidence that defendants committed fraud under New York law."  *Id.* at 198-99.

On April 16, 2014, the District Court entered judgment (the "Judgment")[6] on all counts against defendant, H. Edward Rare Coins and Collectibles, Inc., and The Bolton Group, Inc. in the sum of $11,304,079, plus (i) prepetition interest calculated at 9% from January 1, 2005 to April 16, 2014 on the state law claims and 9% interest from April 5, 2006 to April 16, 2014 on the section 10(b) claims, and (ii) post-judgment interest on all claims to be calculated pursuant to the federal rate set forth in 28 U.S.C. § 1961 (the "Judgment Debt").[7]

On August 6, 2014, defendant filed a petition for relief under chapter 11[8], thus staying all collection efforts on the Judgment Debt pursuant to § 362(a).

---

[5] *See Marini v. Adamo*, 995 F. Supp. 2d 155 (E.D.N.Y. 2014), *aff'd*, 644 F. App'x 33 (2d Cir. 2016). The District Court, however, dismissed the unjust enrichment and money had and received claims as against Mrs. Adamo.

[6] Case No.: 2:08-cv-03995-JFB-ARL [Distr. Dkt. No. 249].

[7] Although plaintiffs have not filed a proof of claim in this case, they have asserted that, as of the date of entry of the Judgment (April 16, 2014), the Judgment Debt aggregated $20,756,994.21 and, as of the date defendant filed his chapter 11 case (August 6, 2014), the Judgment Debt aggregated $20,764,705.68. *See* Complaint ¶2 [Adv. Dkt. No. 1].

[8] On July 13, 2016, the chapter 11 case was converted to a case under chapter 7. [Bankr. Dkt. No. 300].

### B.  Procedural History

On January 12, 2015, plaintiffs filed a complaint to determine the dischargeability of the Judgment Debt under §§ 523(a)(2), (4) and (6).  [Adv. Dkt. No. 1].  The complaint relies on the findings made by the District Court, and seeks a determination that the Judgment Debt is nondischargeable on the basis of fraud, breach of fiduciary duty, and willful and malicious injury.  On February 19, 2015, defendant answered, denying liability. [Adv. Dkt. No. 10].[9]

On November 11, 2015, after discovery, plaintiffs moved for summary judgment. [Adv. Dkt. No. 36].  Plaintiff filed a declaration [Adv. Dkt. No. 36-1] and a memorandum of law ("Marini Br.") [Adv. Dkt. No. 37] in support of the Motion, arguing that under the doctrine of collateral estoppel the findings made by the District Court and the Judgment entered in their favor and against defendant resolved all triable issues necessary for this Court to determine that the Judgment Debt is nondischargeable. Marini Br. 12.

On December 18, 2015, defendant filed a declaration [Adv. Dkt. No. 40] and a memorandum of law in opposition to the Motion ("Adamo Br.") [Adv. Dkt. No. 41], contending that collateral estoppel does not apply because: (i) the District Court only found that defendant committed fraud against Rocco Marini, and not against Josephine Marini, (ii) defendant had appealed the District Court decision, and (iii) the District Court's finding that defendant had defrauded plaintiffs was "tainted" because the District Court reached that conclusion only after determining that defendant owed a fiduciary duty to plaintiffs, and defendant is not a fiduciary for purposes of § 523(a)(4).  According to defendant, this

---

[9] On February 19, 2015, defendant also moved for relief from the automatic stay imposed under § 362(a) to permit him to prosecute his pending appeal of the District Court decision. [Bankr. Dkt. No. 120]. Plaintiffs opposed. [Bankr. Dkt. No. 129]. On April 20, 2015, the Court entered an order granting stay relief to permit prosecution of the appeal in the Second Circuit. [Bankr. Dkt. No. 171]. On March 23, 2016, the Second Circuit, following briefing and oral argument, affirmed the District Court decision. *See Marini v. Adamo*, 644 F. App'x 33 (2d Cir. 2016).

Court cannot give preclusive effect to the Judgment as the District Court's findings did not resolve all triable issues necessary to determine whether the Judgment Debt is nondischargeable. Adamo Br. 10-11.  On January 19, 2016, plaintiff filed a reply brief. [Adv. Dkt. No. 43].

The Court held argument on the Motion.  At the conclusion of the hearing, and for the reasons set forth on the record, the Court granted plaintiffs' motion for summary judgment under § 523(a)(2)(A).  This Memorandum Opinion and Order explains further the bases for the Court's ruling.

## IV.    Discussion

### A.  Applicable Legal Standards

#### 1.  Summary Judgment

Under Rule 56(a) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Bankruptcy Rule 7056, a moving party is entitled to summary judgment if it can "show[ ] that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  A fact is material if it "might affect the outcome of the suit under the governing law," and a factual dispute is genuine "if the evidence is such  that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of demonstrating the absence of a genuine dispute as to any material fact. *Celotex*, 477 U.S. at 322-23.  The evidence on each material element of its claim or defense must be sufficient to entitle the moving party to relief as a matter of law.  *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).  If the moving party meets its initial burden, the opposing party must then

produce "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(c). "A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citations and internal quotations marks omitted). A party must offer more than a "scintilla of evidence" that a genuine dispute of material fact exists, *Anderson*, 477 U.S. at 252, or that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

In determining whether there exists a genuine dispute as to a material fact, the Court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." *Dickerson v. Napolitano*, 604 F.3d 732, 740 (2d Cir. 2010). The Court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Ed.*, 444 F.3d 158, 162 (2d Cir. 2006) (*citing Anderson*, 477 U.S. at 249 (1986)).

## 2. Collateral Estoppel

"Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see Marvel Characters, Inc. v Simon,* 310 F.2d 280, 288 (2d Cir. 2002) ("[c]ollateral estoppel, or issue preclusion, prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding.").

Collateral estoppel applies in a non-dischargeability action. *Grogan v. Garner*, 498 U.S. 279, 284 (1991) ("[i]f the preponderance standard also governs the question of nondischargeability, a bankruptcy court could properly give collateral estoppel effect to those elements of the claim that are identical to the elements required for discharge and

which were actually litigated and determined in the prior action."); *see also Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006); *Evans v. Ottimo,* 469 F.3d 278, 281 (2d Cir. 2006).

"[T]he application of the collateral estoppel doctrine differs based on the forum in which the first judgment was entered." *Guggenhiem Capital, LLC v. Birnbaum (In re Birnbaum)*, 513 B.R. 788, 800 (Bankr. E.D.N.Y. 2014). The preclusive effect of a prior judgment resolving issues of federal law is governed by the federal standard for collateral estoppel. *See Ball v. A.O. Smith Corp.*, 451 F.3d at 69.[10]  However, when a federal court reviews the preclusive effect of state law claims decided by a federal court exercising supplemental jurisdiction under 28 U.S.C. § 1367 in a federal question case, the reviewing court applies the law of the state in which the federal court exercising supplemental jurisdiction sat. *See In re Ferrandina*, 533 B.R. 11, 23 (Bankr. E.D.N.Y. 2015) ("[S]tate law rules of preclusion should be applied to state law claims that have been determined by a federal court exercising pendent or supplemental jurisdiction under 28 U.S.C. § 1367 in a federal question case").

Here, the District Court exercised supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.  Accordingly, the Court will apply New York's rules of preclusion.  Under New York law, "collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Evans*, 469 F.3d at 281 (citing *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455-56 (1985)).  The party seeking to invoke

---

[10] A party seeking application of collateral estoppel under federal law must show (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits. *Ball v. A.O. Smith Corp.*, 451 F.3d at 69.

collateral estoppel bears the burden of establishing the first element, while the party

opposing collateral estoppel has the burden of showing the absence of the second element.

*Evans*, 469 F.3d at 281-82.

### 3.  Actual Fraud - 11 U.S.C. § 523(a)(2)(A)

Under § 523(a)(2)(A), a debtor is not discharged from a debt:

> (2) for money, property, services, or an extension, renewal, or refinancing
> of credit, to the extent obtained, by –

> (A) false pretenses, a false representation, or actual fraud, other than a
>     statement respecting the debtor's or an insider's financial condition[.]

11 U.S.C. § 523(a)(2)(A).

A creditor seeking to except a debt from discharge under this provision must prove:

(i) that the debtor made a false representation; (ii) that at the time made, the debtor knew

the statement was false; (iii) the misrepresentation was made with an intent to deceive; (iv)

that the creditor reasonably relied on that misrepresentation; and (v) that the creditor was

damaged as a result of the misrepresentation.  *In re Wisell*, 494 B.R. 23, 37 (Bankr.

E.D.N.Y. 2011); *In re Crossfield*, No. 8-11-72505-REG, 2012 WL 3637919, at *5 (Bankr.

E.D.N.Y. Aug. 22, 2012); *In re Schulman*, 196 B.R. 688, 693 (Bankr. S.D.N.Y. 1996).  The

burden of proof in an action to determine dischargeability is on the creditor to prove the

elements of its nondischargeability complaint by a preponderance of the evidence.  *See, e.g.,*

*Grogan*, 498 U.S. at 286; *In re Renshaw*, 222 F.3d 82, 86 (2d Cir. 2000).

### B.  Analysis

Applying these legal principles to this case, it is clear that the fraud findings made

by the District Court requires that summary judgment be granted on the grounds of

collateral estoppel.

First, there can be no dispute that defendant had a full and fair opportunity to

litigate the fraud issue in the prior action.  "The [District] Court held a bench trial

beginning on October 22, 2012, and continuing over twelve days of testimony. The [District] Court heard closing statements from both parties on April 12, 2013. Both sides submitted exhibits to be considered by the [District] Court – including excerpts of depositions- as well as post-trial proposed findings of fact." *Marini v. Adamo*, 995 F. Supp. 2d at 164; *see also* Defendant's Response to Plaintiffs" Local Rule 7056-1 Statement ¶¶3-8 [Adv. Dkt. No. 40-4]. Accordingly, the Court finds that defendant has failed to meet his burden of showing the absence of the second preclusion element, i.e., that he did not have a full and fair opportunity to litigate the fraud issue in the District Court.

Second, the fraud issue was actually litigated and decided in the District Court action, and is decisive of the issue before this Court in plaintiff's non-dischargeability action. This is made plain by comparing the elements of common law fraud under New York law and the findings required under § 523(a)(2)(A). "Under New York law, the elements of common law fraud are a material, false representation, an intent to defraud thereby, and reasonable reliance on the representation, causing damage to the plaintiff." *Marini v. Adamo*, 995 F. Supp. 2d at 197 (quoting *Chanayil v. Gulati*, 169 F.3d 168, 171 (2d Cir. 1999)). These elements are virtually identical to those required for a judgment for fraud under § 523(a)(2)(A). "The elements for 'five finger' fraud under New York state law and for 'actual fraud' under the Code are roughly the same…" *In re Crossfield*, 2012 WL 3637919, at *5; *In re Wisell*, 494 B.R. at 37.

In the prior action, the District Court concluded that plaintiffs "have shown by clear and convincing evidence that [defendant] committed fraud under New York law." *Marini v. Adamo*, 995 F. Supp. 2d at 198-99. To reach that conclusion, the District Court must have found in favor of plaintiffs on each of the elements of their fraud claim under New York law, and it did just that. "[P]laintiffs have met their burden of proof on all of their claims against [defendant], including meeting their burden of proof under the 'clear

and convincing' standard required to prove each element of the common law fraud claim."
*Id.* at 162.  Because the Second Circuit Court has determined that "entry of a…judgment,
grounded in a finding of actual fraud…resolve[s] all issues necessary to establish
nondischargeability under § 523(a)(2), *Evans*, 469 F.3d at 283, there is no doubt that
plaintiffs have met their burden of satisfying the first prong of the collateral estoppel test.
*See also In re Pulver*, 327 B.R. 125, 133 (Bankr. W.D.N.Y. 2005) (giving preclusive effect to
an underlying fraud judgment and granting summary judgment in favor of the plaintiff in
an action under § 523(a)(2)(A)); *In re Hanna*, 163 B.R. 918, 925-26 (Bankr. E.D.N.Y. 1994)
(discussing cases providing same relief).

In opposition to the Motion, defendant presents several arguments, each of which
lacks merit. First, defendant argues that issue preclusion cannot apply because the District
Court only found that defendant defrauded Rocco Marini, and not both Rocco and Josephine
Marini. The Court disagrees. Defendant's argument is grounded on the District Court's use
of the defined term "Marini" in referring to Rocco Marini, and that the decision is replete
with references to "Marini" and not to Mrs. Marini. The Court does not view this distinction
in the same light as defendant.  In the first place, the decision makes clear that defendant
defrauded plaintiffs, and "plaintiffs" is defined to include Mrs. Marini.  *Marini v. Adamo*,
995 F. Supp. 2d at 162.  Second, the Judgment "is in favor of plaintiffs on all claims against
[defendant]." [Distr. Dkt. No. 249].  Third, as noted by the District Court, funds used to
purchase coins from defendant came from both Mr. and Mrs. Marini.  "Mrs. Marini agreed
to use her and her husband's money to purchase coins from [defendant], but stated that her
husband made all of the decisions regarding coin purchases.  She confirmed that they spent
over $16 million on coins through [defendant]." *Marini v. Adamo*, 995 F. Supp. 2d at 171, fn.
11 (citations to trial transcript omitted).  Fourth, even if the Court were to accept
defendant's unfounded argument, it is evident that the District Court (at the very least)

implicitly found that defendant defrauded Mrs. Marini as well. Implicit findings can support the basis for applying collateral estoppel. *See BBS Norwalk One, Inc. v. Raccolta, Inc.*, 117 F.3d 674, 677 (2d Cir. 1997) ("[t]he prior decision need not have been explicit on the point, since '[i]f by necessary implication it is contained in that which has been explicitly decided, it will be the basis for collateral estoppel'").

Defendant's second argument in opposition to the Motion is equally unavailing. Defendant contends that collateral estoppel does not apply because he filed an appeal. The pendency of an appeal does not preclude application of the doctrine of collateral estoppel. *See Christopher D. Smithers Found., Inc. v. St. Luke's-Roosevelt Hosp. Ctr.*, No. 00 CIV. 5502 (WHP), 2003 WL 115234, at *2 (S.D.N.Y. Jan. 13, 2003) ("Collateral estoppel applies once final judgment is entered in a case, regardless of whether an appeal from that judgment is pending"); *see also In re Bodrick*, 534 B.R. 738, 744 (Bankr. S.D. Ohio 2015); *Guion v. Sims (In re Sims),* 479 B.R. 415, 421 (Bankr. S.D. Tex. 2012). In any event, this argument is moot as the Second Circuit has affirmed the decision of the District Court. *See Marini v. Adamo*, 644 F. App'x 33 (2d Cir. 2016).

Defendant's final argument - that the District Court's finding of fraud was "tainted" because it reached that conclusion only after determining that defendant owed a fiduciary duty to plaintiffs, and defendant is not a fiduciary for purposes of § 523(a)(4) – likewise fails. Although the District Court found that defendant had a fiduciary relationship with plaintiffs and that he breached his fiduciary duty during the course of his relationship with plaintiffs, the District Court independently found defendant liable for fraud under New York common law. *Marini v. Adamo*, 995 F. Supp. 2d at 197-201.

## V.    CONCLUSION

For the reasons set forth above, the Court grants plaintiffs' motion for summary judgment. Accordingly, the Judgment Debt is excepted from discharge under § 523(a)(2)(A).

Plaintiffs' remaining claims for relief under §§ 523(a)(4) and (a)(6) are dismissed as moot, and this adversary proceeding shall be closed fourteen days after entry of this Memorandum Opinion and Order.

      SO ORDERED.



**Dated: October 31, 2016**
**      Central Islip, New York**

                                                        **Louis A. Scarcella**
                               **United States Bankruptcy Judge**